IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Regina Cartwright, | ) | C.A. No.: 5:21-cv-02670-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| Prudential Insurance Company of America, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of St. Matthews, South Carolina.

II.

Defendant is an insurance company organized and existing pursuant to the laws of one of the States of the United States, and which does business in St. Matthews, South Carolina.

III.

In this matter, Plaintiff seeks supplemental life benefits under an ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and that this court has jurisdiction to hear this matter based upon a federal question. Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132 (e)), and a number of the events transpiring during the review of Plaintiff's claim occurred in this forum.

IV.

Plaintiff's decedent, Robert Cartwright (hereinafter "Robert") was employed with Schenectady International, Inc. and as an employee of Schenectady International, Inc., Robert was a covered plan participant under a supplemental life insurance plan which was fully insured by the Defendant.  Besides being the insurer of the plan, Defendant is also the sole entity responsible for determining whether claims such as the Plaintiff's should be paid.  Accordingly, Defendant is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable.  As the claim administrator, insurer, and fiduciary of the plan in which Plaintiff participated the Defendant is a proper party Defendant in the matter *sub judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

V.

Plaintiff is the named beneficiary of the supplemental life insurance policy that insured the life of Robert Cartwright.  Unfortunately, Robert passed away in July of 2019.  Plaintiff made a claim for supplemental life insurance benefits.

VI.

Defendant denied Plaintiff's claim.  Plaintiff appealed the denial, but Defendant has failed to reach a decision on Plaintiff's appeal in a timely manner and, Plaintiff deems that her claim is denied as is her right per 29 C.F.R. §2560.503-1, and that her administrative remedies are fully exhausted.

VII.

Defendant made its claim decision while operating under a conflict of interest which significantly influenced the Defendant to deny Plaintiff's claim.  The Defendant's decision was not based upon substantial evidence or the result of a principled and reasoned decision-

making process. Instead, the Defendant's decision was reached by Defendant ignoring relevant evidence pertaining to Plaintiff's claim and, instead, relying upon biased information and flawed expert opinions. Accordingly, Defendant operated under a conflict of interest which improperly and significantly influenced its claim decision.

## FOR A FIRST CAUSE OF ACTION

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

IX.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which she seeks under the terms of the plan. In the event that the court reviews the record and/or other relevant information and determines that the Defendant abused its discretion or that its decision is not supported by the record, but that the substance of the record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant. Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award her attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the supplemental life insurance benefits she seeks

pursuant to 29 U.S.C. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

          s/ Nathaniel W. Bax
          Nathaniel W. Bax, Esq.
          Federal Bar #: 09835
          **FOSTER LAW FIRM, LLC**
          PO Box 2123
          Greenville, SC 29602
          (864) 242-6200
          (864) 233-0290 (facsimile)
          E-mail: nbax@fosterfoster.com

Date: <u>August 20, 2021</u>        Attorneys for Plaintiff